**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLARENCE JUPITER, | |
| Plaintiff, | CIVIL ACTION NO. 3:14-CV-1202 |
| v. | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA, et al., | (MAGISTRATE JUDGE CARLSON) |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Magistrate Judge Carlson's Report and Recommendation ("R & R") (Doc. 19). The R & R recommends (1) dismissal of Plaintiff Clarence Jupiter's Complaint (Doc. 1) pursuant to Defendants' Motion to Dismiss (Doc. 11), and (2) denial of Plaintiff's Motion to Amend Complaint (Doc.16). Also before the Court are Plaintiff Jupiter's Objections to the R & R (Docs. 20 and 21) and a "notice" filed by the Defendants in response to Plaintiff's Objections (Doc. 22). Because Plaintiff has alleged a claim that is precluded by the stipulation he signed, he has not stated a claim upon which relief may be granted, so I adopt the R & R granting the Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and denying Plaintiff's Motion to Amend Complaint.

**I. Background**

Plaintiff Jupiter's claims arise out of incidents that occurred while he was incarcerated at the United States Penitentiary-Canaan (USP-Canaan) in the summer of 2011. For the purposes of this review, it is sufficient to note that in summer 2011, the prison served inmates chicken fajitas that contained spoiled chicken. Multiple inmates, including Plaintiff, contracted food poisoning and suffered the attendant symptoms.

On June 10, 2013, Jupiter filed a complaint against the United States, alleging negligence on the part of the prison in the preparation and service of this food. Jupiter brought the action seeking damages pursuant to the Federal Tort Claims Act, 28 U.S.C. §

2675, *et seq*.  This action was titled *Jupiter v. United States*, Civil No. 3:13-CV-1544.

On May 28, 2014, this Court dismissed Jupiter's original complaint without prejudice, citing Jupiter's failure to fully exhaust his administrative remedies prior to filing his action in court.  *Jupiter v. United States*, 3:13-CV-1544 ECF Doc. 44.  The following day, May 29, 2014, Jupiter executed a settlement agreement with the United States, settling his claims arising out of the food poisoning episode. (Doc. 18.)  This settlement agreement provided that Jupiter would forego any and all claims arising out of this incident in return for the agreed-upon payment by the United States.  Id.  The first paragraph of the stipulation signed by Jupiter stated that the parties "agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action."  (Doc. 21, 8.)

On June 23, 2014, the plaintiff filed this instant pro se complaint seeking damages from the government as a result of the food poisoning incident.  (Doc. 1.)  On October 27, 2014, the United States moved to dismiss Jupiter's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted, arguing that the settlement of Jupiter's first action precludes him from filing this action for further damages stemming from the spoiled chicken incident.  (Docs. 11 and 12.)  Jupiter responded to this motion (Docs. 14 and 15) and filed a motion to amend his complaint to add individual government employees to this new lawsuit. (Doc. 16.)

On November 21, 2014, Magistrate Judge Carlson issued an R & R, recommending that Defendants' Motion to Dismiss be granted and Plaintiff's Motion to Amend Complaint be denied (Doc. 19).  In December 2014, Plaintiff filed Objections to the R & R (Docs. 20 and 21).  Defendant then filed a "notice" regarding Plaintiff's Objections (Doc. 22).  Thus, this matter is fully briefed and ripe for disposition.

## II. Legal Standard

### A. Report and Recommendation

Where objections to a magistrate judge's R & R are filed, the Court must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In conducting a *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering such a motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of his claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a

reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196.

### III. Discussion

On November 21, 2014, Magistrate Judge Carlson issued the R & R (Doc. 19). He recommended that Defendants' Motion to Dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted, and Plaintiff's Motion to amend the complaint be denied. The magistrate judge found that Plaintiff's claims are barred by his prior settlement agreement. (Doc. 19, 9.) Furthermore, he found that because Plaintiff had "previously expressly agreed" that he would bring not such claims, Plaintiff's Motion to Amend would be denied. Id.

### A. Motion to Dismiss

In his Objection to the R & R, the plaintiff asserts that "[c]ontrary to Defendants' allegations in their Motion to Dismiss, plaintiff did not at no time stipulate abandoning his claims under *Bivens*." (Doc. 21, 2.) Plaintiff asserts that the stipulation he signed was for the purposes of claims only under the Federal Tort Claims Act, and did not cover claims brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S.

388 (1971). Under *Bivens*, a plaintiff may seek damages against agents of the federal government who act unlawfully as they carry out their duties. *Id.* Plaintiff objects to the magistrate judge's finding that the release he signed was extensive in scope. Plaintiff argues that the release was ambiguous to him as a pro se litigant, and so should only cover claims brought under the Federal Tort Claims Act. Plaintiff attaches to his objections a copy of the "Stipulation for Compromise Settlement and Release of Plaintiff's Claims pursuant to 28 USC § 2677," the document parties signed. (Doc. 21, 8.)

In particular, Plaintiff points to Section Five (5) of the agreement, which states that "This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation." (Doc. 21, 10.)

However, in reading the document as a whole, it is clear that it unambiguously refers to any claim arising out of the food poisoning incident. The first paragraph states that the parties "agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action." (Doc. 21, 8.) This very clearly covers any action arising from the food poisoning incident at USP-Canaan.

While Plaintiff is a pro se litigant, the contract is a short and straightforward document, written in clear, plain English. Given that he signed this document, Plaintiff has not stated a claim that could plausibly entitle him to relief, even if accepting as true all facts alleged in the complaint, as required by Fed. R. Civ. P. 12(b)(6). Because Plaintiff has stated a claim that is precluded by the stipulation he signed, he has not stated a claim upon which relief may be granted, so I adopt the recommendation of the magistrate judge and grant the Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 11).

**B. Motion to Amend Complaint**

Plaintiff contends that because his action should not be dismissed, his Motion to Amend Complaint should be granted to allow him to include the specific identities of individual defendants. However, given that I adopt the Magistrate Judge's recommendation to dismiss Plaintiff's complaint because it is barred by the stipulation he signed, I also adopt the Magistrate Judge's recommendation to deny Plaintiff's Motion to Amend. A plaintiff whose complaint is dismissed for failure to state a claim upon which relief can be granted must be given leave to amend, unless it would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this instance, it would be futile for Plaintiff to amend his complaint in this way, as any claim that arises out of the spoiled chicken incident is precluded.

## IV. Conclusion

For the above reasons, the R & R (Doc. 19) will be adopted. Defendants' Motion to Dismiss (Doc. 11) for failure to state a claim will be granted. Plaintiff's Complaint (Doc. 1) will be dismissed. Plaintiff's Motion to Amend Complaint (Doc. 16) will be denied. An appropriate order follows.

January 7, 2015  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge